**ALEXANDER C. TRAUMAN**, OSB NO. 075491
**JEREMY G. TOLCHIN,** OSB NO. 141379
atrauman@portlaw.com
jtolchin@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| BRINTON BUSINESS VENTURES, INC., a Washington corporation, doing business as Evergreen Vending and/or Vending Equipment Center and/or Northwest Coffee Services and/or Avanti Markets Northwest<br><br>Plaintiff,<br><br>v.<br><br>RICHARD SEARLE, an individual,<br><br>Defendant | Case No. 3:16-cv-02279-HZ<br><br>**DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

## DEFENDANT'S ANSWER TO COMPLAINT

NOW COMES Defendant, Richard Searle ("Defendant" or "Searle"), by and though his counsel, Motschenbacher & Blattner, LLP, for his Answer to Plaintiff's Complaint For Breach Of Contract, Tortious Interference With Business Expectancies, Breach Of Fiduciary Duty, And Injunctive Relief (the "Complaint"), states as follows:

Page 1 – DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
Case No. 3:16-cv-02279-HZ

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

1.	Defendant lacks sufficient information or belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2.	Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.	The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions for which no response is necessary.  To the extent a response is necessary, Defendant denies the remaining allegations.

4.	The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions for which no response is necessary.  To the extent a response is necessary, Defendant denies the remaining allegations.

5.	The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions for which no response is necessary.  To the extent a response is necessary, Defendant denies the remaining allegations.

## FACTUAL ALLEGATIONS

6.	In answering the allegations contained in Paragraph 6 of the Complaint, Defendant admits and denies as more fully set forth above.

7.	Defendant lacks sufficient information or belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8.	Defendant lacks sufficient information or belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9.	Defendant admits the allegations contained in Paragraph 9 of the Complaint.

Page 2 – DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
Case No. 3:16-cv-02279-HZ

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon  97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

10.   In answering the allegations contained in Paragraph 10 of the Complaint, Defendant admits that on January 13, 2012, he visited Brinton's Portland branch office. Defendant denies the remaining allegations contained in Paragraph 10.

11.   Defendant denies the allegations of Paragraph 11.

12.   In answering the allegations contained in Paragraph 12 of the Complaint, Defendant admits that on January 23, 2012, he arrived at Brinton's office and signed an agreement that contained non-competition and non-solicitation provisions. The remaining allegations contained in Paragraph 12 are legal conclusions and therefore no response is necessary. To the extent a response is necessary, Defendant denies them.

13.   In answering the allegations contained in Paragraph 13 of the Complaint, the agreement at issue speaks for itself therefore no response is necessary. Defendant denies the remaining allegations contained in Paragraph 13.

14.   In answering the allegations contained in Paragraph 14 of the Complaint, the agreement at issue speaks for itself therefore no response is necessary. Defendant denies the remaining allegations contained in Paragraph 14.

15.   Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.   Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.   Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.   Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.   In answering the allegations contained in Paragraph 19, Defendant denies the allegation that Brinton had no knowledge that Defendant and Corwin were forming a new

Page 3 – DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
Case No. 3:16-cv-02279-HZ

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

business to compete against Brinton. Defendant admits the remaining allegations of Paragraph 19.

20. In answering the allegations contained in Paragraph 20 of the Complaint, Defendant admits that he offered to work until April 15, 2016 and requested the consideration set forth in subparagraphs (a) through (d). Defendant denies the remaining allegations contained in Paragraph 20.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. In answering the allegations contained in Paragraph 22 of the Complaint, Defendant admits that Corwin did not announce his resignation until June 1, 2016, and did not leave Brinton's employ until June 15, 2016. Defendant denies the remaining allegations contained in Paragraph 22.

23. In answering the allegations contained in Paragraph 23 of the Complaint, Defendant admits that he applied for unemployment benefits in April 2016. Defendant further admits that Brinton contested Defendant's claim for benefits. Defendant denies the remaining allegations contained in Paragraph 23.

24. In answering the allegations contained in Paragraph 24, Defendant admits that Lam Research was a Brinton customer. Defendant denies the remaining allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. In answering the allegations contained in Paragraph 26 of the Complaint, Defendant lacks sufficient information or belief as to the truth of the allegations that Brinton's long term customers, including Clearesult and Ochin in Portland and Nippon Dynowave in

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

Longview, cancelled their contracts. Defendant denies the remaining allegations contained in Paragraph 26.

## FIRST CLAIM FOR RELIEF
### (Breach of Non-Competition Agreement)

27. In answering Paragraph 27 of the Complaint, Defendant admits and denies as more fully set forth above.

28. Answering paragraph 28, the non-competition agreement speaks for itself therefore no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Breach of Non-Solicitation Agreement)

33. In answering Paragraph 33 of the Complaint, Defendant admits and denies as more fully set forth above.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

## THIRD CLAIM FOR RELIEF
### (Tortious Interference with Business Expectancies)

39. In answering Paragraph 39 of the Complaint, Defendant admits and denies as more fully set forth above.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

46. In answering Paragraph 46 of the Complaint, Defendant admits and denies as more fully set forth above.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Injunctive Relief)

52. In answering Paragraph 52 of the Complaint, Defendant admits and denies as more fully set forth above.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

**DEMAND FOR JURY TRIAL**

57. No response to Paragraph 57 of the Complaint is necessary. To the extent a response is necessary, Defendant also requests a jury trial.

**STATEMENT OF AFFIRMATIVE DEFENSES**

By way of additional defenses to the allegations of the Complaint (with the foregoing Answer to the Complaint being the First Defense), Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint and the purported causes of action as pleaded therein fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

To the extent Plaintiff seeks equitable relief against defendant, such claims are barred because plaintiff has an adequate remedy at law.

**THIRD AFFIRMATIVE DEFENSE**
**(Unconscionable Contract or Terms)**

Some or all of Plaintiff's claims are barred because of plaintiff's noncompetition agreement was unconscionable. Under the express terms of the noncompetition agreement,

Page 7 – DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
Case No. 3:16-cv-02279-HZ

defendant could not compete within a reasonable scope and territory, therefore rendering defendant unable to pursue a livelihood.

### FOURTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff intentionally engaged in conduct detrimental to Defendant.

### FIFTH AFFIRMATIVE DEFENSE
(**Laches**)

Some or all of Plaintiff's claims are barred by the doctrine of laches. Plaintiff did not respond to Defendant's request for information supporting the validity of Defendant's noncompetition agreement. Defendant, therefore, reasonably believed that the matter had been resolved and Defendant moved forward with his plans to commence business by and through his company, R Squared Markets and Vending Corporation. Plaintiff waited an unreasonable length of time to bring its claims for relief against Defendant.

### SIXTH AFFIRMATIVE DEFENSE
**(Legitimate competition)**

Plaintiffs claim for tortious interference with business expectancies is barred because defendant's competition was lawful therefore defendant did not improperly interfere with plaintiff's business expectancies.

### SEVENTH AFFIRMATIVE DEFENSE
**(No Damages)**

Some or all of Plaintiff's claims are barred because Plaintiff has not suffered, nor will it suffer, any irreparable harm as a result of Defendant's alleged conduct.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Some or all of Plaintiff's claims are barred because Plaintiff failed to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE
### (Unenforceable or Voided Contract)

Some or all of Plaintiff's claims, including but not limited to Plaintiff's claims for breach of noncompetition agreement and breach of nonsolicitation agreement, are barred because Plaintiff's "Employee Confidentiality and Noncompetition Agreement" is unenforceable under ORS 653.295. Plaintiff failed to notify defendant at least fourteen days before the first day of his employment that his execution of a noncompetition or nonsolicitation agreement was a condition of his employment. On September 27, 2016, defendant voided the agreement by delivering notice to plaintiff's counsel. Accordingly, the noncompetition and nonsolicitation agreements that plaintiff seeks to enforce were voided and are unenforceable.

## TENTH AFFIRMATIVE DEFENSE
### (Public Policy)

Any recovery obtained by Plaintiff is barred, in whole or in part, because it would be contrary to public policy to allow Plaintiff to enforce the noncompetition agreement it seeks to enforce in light of the plaintiff's noncompliance with ORS 653.295.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional defenses and to amend his Answers and Statements of Additional Defenses provided herein, in accordance with the Federal Rules of Civil Procedure, as discovery proceeds.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

## FIRST COUNTERCLAIM
### (Attorney Fees)

1. In support of his First Counterclaim, Defendant realleges and incorporates his admissions, denials, and allegations set forth above.

2. In the event Defendant determined to be the prevailing party in this matter, Defendant will entitled to recover as court costs his reasonable attorney fees and costs incurred in the defense of the Plaintiff's claims pursuant to the noncompetition agreement executed by the parties.

## SECOND COUNTERCLAIM
### (Declaratory Judgment)

1. In support of his Counterclaim, Defendant realleges and incorporates his admissions, denials, and allegations set forth above.

2. Pursuant to Oregon Revised Statute ("ORS") 653.295, Brinton was required to inform Searle in a written employment offer to be received by Searle at least two weeks before the first day of his employment that a noncompetition agreement was required as a condition of employment.

3. Searle received a formal written offer from Brinton that contained the material terms of his employment at Brinton. Additionally, Searle received several emails from Brinton outlining the material terms of his employment with Brinton. Neither the formal offer letter nor the informal emails contain any description or information of the noncompetition agreement Searle was expected to sign. Neither documents informed Mr. Searle that his employment at Brinton would be conditioned upon his execution of a noncompetition or nonsolicitation

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

agreement. Because Brinton failed to provide Searle with a written employment offer that explained his employment was conditioned upon his execution of a noncompetition agreement.

4. Searle was first presented with a copy of the noncompetition and nonsolicitation agreement on his first day of employment at Brinton, which was January 23, 2012.

5. On or about September 27, 2016, Searle informed Brinton that he did not wish to be restrained by the noncompetition agreement executed during his employment at Brinton. As such, Searle properly voided the agreement between the parties. Plaintiff filed the instant lawsuit to enforce the terms of the noncompetition agreement at issue.

6. Accordingly, a dispute exists as to whether the noncompetition and nonsolicitation agreement Searle executed in favor of Brinton is enforceable.

7. Defendant prays for declaratory relief to determine that the non-competition and non-solicitation agreement is invalid and unenforceable, pursuant to ORS 653.295.

8. Defendant has no remedy at law for the loss he anticipates if the non-competition and non-solicitation provisions are enforced. Without the equitable relief of the declaratory judgment requested herein, Searle will suffer irreparable harm, namely that he will be unable to reasonably work in Oregon where he and his family reside.

WHEREFORE, Defendant Richard Searle prays for judgment as follows:

A. For a Judgment providing that Defendant prevails on all causes of action in the Complaint and that Plaintiff shall take nothing on its Complaint;

B. Dismissing all the Plaintiff's claims in the Complaint with prejudice;

C. Awarding Defendant his costs and disbursements herein;

D. Awarding Defendant his attorney fees incurred herein; and

E. For a declaration that the non-competition and non-solicitation agreement executed by Searle in favor of Brinton is declared invalid, unenforceable and was voided by Searle.

F. Granting Defendant such other and/or further relief the Court finds just and/or equitable.

Motschenbacher & Blattner LLP

/s/ Alexander C. Trauman
Alexander C. Trauman, OSB No. 075491
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Tel: 503-417-0500
Email: atrauman@portlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the by using the CM/ECF system on January 17, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Alexander C. Trauman
Alexander C. Trauman, OSB No. 075491
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Tel: 503-417-0500
Email: atrauman@portlaw.com
Attorneys for Defendant

Page 12 – DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
Case No. 3:16-cv-02279-HZ

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501